IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03446-WYD-KMT

DANIEL L. PORTER,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

Defendant.

---

**ORDER ON SUMMARY JUDGMENT**

---

I. INTRODUCTION & BACKGROUND

THIS MATTER is before the Court on Defendant American Family Mutual Insurance Company's Motion for Summary Judgment (ECF No. 41), filed October 1, 2014. In this motion, the Defendant claims that summary judgment is warranted based on judicial estoppel. On October 22, 2014, the Plaintiff filed a response (ECF No. 42) and on November 5, 2014, the Defendant filed a reply (ECF No. 45). For the reasons stated below, the Defendant's motion is denied.

By way of background, this case stems from a motor vehicle accident, in which the Plaintiff was injured in Mesa County, Colorado on December 24, 2012. At the time of the accident, the Plaintiff held four separate automobile insurance policies with the Defendant. Each policy included $100,000 worth of underinsured motorist ("UIM") coverage and separate premiums. The at-fault driver also maintained an insurance

policy with the Defendant. As a result of the accident, the Plaintiff received the policy limits of the at-fault driver's insurance policy in the amount of $100,000. On October 10, 2013, the Plaintiff made a demand for benefits under his UIM policies in the total amount of $400,000. On December 11, 2013, the Plaintiff and his wife filed for voluntary Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Colorado. The bankruptcy process required the Plaintiff to disclose various assets, to include his insurance claims, on Schedule B of the bankruptcy forms. The Plaintiff disclosed a possible personal injury recovery in an unknown amount and as an exemption valued at $0.00.

On December 13, 2013, the Defendant asserts that it offered the Plaintiff UIM benefits in the amount of $20,000. On December 20, 2013, the Plaintiff filed this action in the United States District Court for the District of Colorado alleging four claims for relief against the Defendant; namely, breach of contract, bad faith breach of insurance contract, violation of C.R.S. §§ 10-3-1115(1)(A) and 1116(1), and breach of duty of good faith and fair dealing. The Plaintiff asserts that the value of these claims is unknown. On December 30, 2013, the Plaintiff filed an amendment to his bankruptcy petition, which did not include the Defendant's $20,000 UIM benefits offer. The Plaintiff and the Defendant disagree as to whether the Plaintiff properly disclosed his insurance claims and whether the disclosures are clearly inconsistent with the Plaintiff's claims in this action. The Defendant now moves in the instant motion for summary judgment asserting that the Plaintiff is judicially estopped from pursuing these claims.

## II. STANDARD OF REVIEW

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir.2000). "When applying this standard, . . . [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir.2000). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991).

## III. DISCUSSION

The Defendant asserts in his motion for summary judgment that the Plaintiff is judicially estopped from pursuing his claims. "Judicial estoppel bars a party from adopting inconsistent positions in the same or related litigation." *Rascon v. U.S. West Commc'ns, Inc.*, 143 F.3d 1324, 1330 (10th Cir.1998). It is a discretionary remedy that a court may invoke "to prevent improper use of judicial machinery." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir.2005) (internal quotation marks omitted). Application of judicial estoppel requires (1) that a party's later position is clearly inconsistent with its earlier position; (2) that the party has succeeded in persuading a court to accept its earlier position; and (3) that the party would derive an unfair advantage

if not estopped. *Id.* at 1069. "[T]hese three factors are not an exhaustive formula for determining the applicability of judicial estoppel." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir.2013) (internal quotation marks omitted).

Since the issue of whether the Plaintiff's positions were clearly inconsistent is dispositive of the instant motion, my analysis will focus on this element. The Defendant contends that the Plaintiff's Schedule B disclosure of a possible personal injury recovery is clearly inconsistent with the Plaintiff's district court claims; namely, breach of contract, bad faith breach of insurance contract, violation of C.R.S. §§ 10-3-1115(1)(A) and 1116(1), and breach of duty of good faith and fair dealing. The Defendant further contends that the Plaintiff's Schedule B disclosure was an insufficient attempt to fully disclose all assets including the $20,000 UIM benefits offer made by the Defendant. Moreover, the Defendant points out that the Plaintiff did not disclose his demand for $400,000 in UIM benefits.

As to this issue, I must decide whether the Plaintiff's positions in the bankruptcy and district courts were clearly inconsistent. In making this determination, courts have analyzed the differences between disclosures in bankruptcy filings and claims before the district court. *See Eastman v. Union Pac. R.R. Co.,* 493 F.3d 1151, 1158-59 (10th Cir.2007) (Nondisclosure of pending personal injury action to bankruptcy court found to be clearly inconsistent.); *Queen*, 734 F.3d at 1090 (Significantly lower estimated value in bankruptcy proceeding declared as entirely exempt found to be clearly inconsistent with higher valued district court claim that would not be entirely exempt.); *Pedersen v. Jo-Ann Stores, Inc.*, No. 13-CV-0233-WJM-CBS, 2014 WL 3766214, at *3 (D. Colo. July 31,

2014) (Plainly stating on Schedule B that plaintiff had no contingent or unliquidated claims found to be clearly inconsistent with claims asserted in district court action).

Based on the facts before me, I cannot find that the Plaintiff's bankruptcy and district court positions were clearly inconsistent. The Defendant characterizes the Plaintiff's bankruptcy disclosure, *i.e.*, a possible personal injury recovery, as clearly inconsistent with the Plaintiff's district court claims because the bankruptcy disclosure does not detail the legal basis for the cause of action. "The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims." *Eastman*, 493 F.3d at 1159. "That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have." *Id.* (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.1999)). "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed." *In re Coastal Plains, Inc.*, 179 F.3d at 208 (internal quotation marks omitted).

Here, the Plaintiff's bankruptcy disclosure suggested that he had a possible cause of action for a personal injury. Additionally, the Plaintiff's wife disclosed that they are still pursuing UIM benefits during a Section 341 Meeting of the Creditors on January 16, 2014 regarding their bankruptcy. Specifically, the Plaintiff's wife explained to Jared Walters, Chapter 7 Trustee, during the meeting that they received a partial settlement for "the auto claim . . . [and the] claim for the injury." When asked to explain why the settlement was partial, the Plaintiff's wife stated that they are "still trying to get uninsured motorist."

Finally, the bankruptcy and district court positions were both identified as having unknown values.

For these reasons, I cannot find that the Plaintiff's bankruptcy and district court positions were clearly inconsistent. Thus, I find that the three-part test for the application of judicial estoppel has not been satisfied and the Defendant's motion for summary judgment based on judicial estoppel is denied.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that the Defendant's Motion for Summary Judgment (ECF No. 41) is **DENIED**.

Dated: June 23, 2015.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE