IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  13-cv-3446-WYD-KMT

DANIEL L. PORTER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER ADOPTING AND AFFIRMING ORDER OF
THE UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER comes before the Court on Plaintiff's Motion to Strike Defendant's Second Supplemental Expert Disclosure and Surrebuttal Report of Taylor/Jacobson and Prohibit Testimony (ECF No. 54), filed on April 14, 2015.  The matter was referred to Magistrate Judge Tafoya, and a hearing was held on various matters, including Plaintiff's Motion, on June 4, 2015.  Magistrate Judge Tafoya issued an Order granting Plaintiff's Motion, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).  On June 19, 2015, the Defendant filed an Objection to Magistrate Judge Tafoya's ruling (ECF No. 73).  On September 30, 2015, Defendant filed a Motion for Reconsideration of the Exclusion of Taylor Jacobson Supplemental Report (ECF No. 107).

Since Defendant filed a timely Objection, I must review the magistrate judge's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.  Fed. R. Civ. P. 72(a).  "An order is clearly erroneous

when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 243 (D. Colo. 1993). After reviewing the record, I find that Magistrate Judge Tafoya's striking of the motion was not clearly erroneous or contrary to law.

Magistrate Judge Tafoya acknowledged that the second Taylor/Jacobson report (dated March 30, 2015) contained admissible tax return and financial information pertaining to the Plaintiff; however, the form in which the report was submitted, and the delay in submitting it by the Defendant, justified the striking of the entire report.

The report contained information already contained in the first Taylor/Jacobson report (dated July 8, 2014), but with additional information integrated within. The new information that Defendant relied upon included Plaintiff's tax returns and other financial information, acquired sporadically, and as late as December 2014. However, the second report did not identify which portions of the second report contained the new information, nor did it identify which opinions were attributable only to the new information. The second report did identify in an attached schedule which documents were reviewed for the new report, but the actual body of the report itself does not identify which documents were used for which additions, nor does it clearly delineate exactly which portions of the second report were new based on the additional document review.

Magistrate Judge Tafoya noted that financial information changes over time and accountants are normally permitted to supplement their reports, even up to the time of trial. However, the second Taylor/Jacobson report, as it was submitted to the Court on

April 3, 2015, was "so ridiculously intertwined with a bunch of information that [the expert] already had, much of which he did not put into his first report, for instance the bankruptcy proceedings, that I don't see how the Plaintiff can cure that prejudice." Audio of Motions Hearing, June 4, 2015, at 14:47.  The report as filed is not a supplement; it is a new report, with new findings interjected into the old report without identifying those additions as such.  Magistrate Judge Tafoya noted that the report as submitted by the Defendant would be disruptive to trial, and would "require a million bench conferences" to decide what is admissible based on whether or not it came off of a tax return.  *Id.* at 15:12.

Magistrate Judge Tafoya noted that the law is clear regarding when supplements are due, and that the Defendant should have filed a motion for more time to file such a supplement, or at least communicate with opposing counsel regarding the need for more time.  At the hearing, Defendant asked for leave to file a supplemental expert report, limited only to the new financial and tax information.  Magistrate Judge Tafoya told Defendant it could file that motion.  However, Defendant chose not to file a motion to submit a clearer supplement.

Magistrate Judge Tafoya also noted the delay in the filing of the second report.  She noted that the Defendant received some of the requested tax returns as late as December of 2014, and that the delay was partially attributable to the delays inherent with IRS requests.  However, the second Taylor/Jacobson report was not filed with the court until April of 2015.  Despite the complicated nature of financial and tax analysis, Judge Tafoya noted the lack of effort on the part of the Defendant to either move the

court for leave to file the second report or to communicate with opposing counsel regarding Defendant's intent to file a second report well after the deadlines established by Magistrate Judge Tafoya.

Although the original trial date in October of 2015 was moved to February 8, 2016, the prejudicial element of the report remains. The second Taylor/Jacobson report remains difficult to identify segregable opinions attributable to the expert, and facts that could be used at trial.

For these reasons, I find that Magistrate Judge Tafoya's ruling was not clearly erroneous or contrary to law and should be affirmed. Accordingly, it is

ORDERED that the Order of the United States Magistrate Judge, dated June 4, 2015, is **AFFIRMED and ADOPTED** and Defendant's Objection (ECF No. 73) is rejected. It is

FURTHER ORDERED that Defendant's Motion for Reconsideration (ECF No. 107) is hereby **DENIED as moot**. It is

FURTHER ORDERED that the motion hearing scheduled for Tuesday, December 8, 2015 regarding this motion is hereby **VACATED**.

Dated:  December 1, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge