IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03446–WYD–KMT

DANIEL L. PORTER,

    Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Second Motion to Amend Pre-Trial Order and Exhibit List of Plaintiff" ("Mot.") [Doc. No. 119], filed December 10, 2015. The defendant's response ("Resp.") [Doc. No. 122] was filed on December 21, 2015. Plaintiff requests he be allowed to amend the plaintiff's exhibit list to add five exhibits and to withdraw eight exhibits and to supplement updated charts to his expert's report. Defendant does not object to the withdrawal of exhibits so the court will allow the plaintiff's exhibit list to be amended to withdraw formerly identified exhibits 19, 32, 48, 49, 57, 58, 59 and 60. Further, the Defendant does not object to the inclusion of the supplemental update to expert James Evenson's report (Mot., Ex. 3) but preserves all other objections to Mr. Everson's testimony, including lack of foundation and disclosure, issues which will be decided by Senior District Judge Wiley Daniel.

**LEGAL STANDARD**

The Final Pretrial Order serves the purpose of "insur[ing] the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.,* 812 F.2d 584, 588 (10th Cir.1987). A final pre-trial order may be modified only to prevent manifest injustice. F.R.C.P. 16(e). "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (*citing Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1222 (10th Cir. 2000)). A decision to allow amendments to the final pretrial order is within the sound discretion of the trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising its discretion, a trial court is guided by the following factors:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

*Koch v. Koch Indus., Inc.,* 203 F.3d at 1222 n. 10. However, when considering these factors, the primary concern "must be to assure 'the full and fair litigation of claims.' " *Canales v. Principi*, 220 F.R.D. 627, 628 (D. Colo. Mar. 31, 2004) (*quoting Joseph Manf'g Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir.1993)). Amending the final pretrial order "should be allowed 'when the danger of surprise is small and a failure to amend might result in an injustice to the moving party.'" *Id*. (*quoting Bridge Publications, Inc. v. F.A.C.T.Net, Inc.*, 183 F.R.D. 254, 258–59 (D. Colo. 1998)).

## ANALYSIS

### Proposed Exhibit 64, Statement of Dan Porter made on December 28, 2012.

Plaintiff asserts he only recently learned that two days after the collision at issue in this case, [1] Plaintiff's wife made a statement to the insurance company that her husband, the Plaintiff, was not injured in the subject automobile collision. (Mot. at 4.) Mr. Porter's statement was taken by Defendant on December 28, 2012, four days after the collision, wherein he stated that he *was* injured. Plaintiff contends it needs Plaintiff's out of court statement to rebut Defendant's claim that there were no injuries to Plaintiff, apparently based, at least in part, on the statement of Mrs. Porter two days previous. (*Id.*) Defendant asserts that both Mr. and Mrs. Porter's statements were part of the claim notes which were produced on April 1, 2014 with Defendant's Disclosures. (Resp. at 3.) Plaintiff's counsel, therefore, has known or should have known for approximately 20 months that at or near the time of the accident, Mrs. Porter told the insurance company that Mr. Porter was not injured in the accident and within two days Mr. Porter told the insurance company that he was injured.

To the extent the Defendant wishes to introduce Mrs. Porter's statement of December 26, 2012, that Mr. Porter was not injured in the accident, Plaintiff would suffer manifest injustice if the statement of Mr. Porter to the contrary, provided to the insurance company two days later, were also not allowed into evidence for jury consideration. Both sides to this controversy *should have known* since at least April 1, 2014, that within a two day period immediately subsequent to the subject accident, husband and wife had given contradictory statements to Defendant. This information was part of the claim file. While Plaintiff may have missed this information in the

---

[1] Plaintiff's counsel asserts this statement was taken on December 26, 2015, however the court infers that this is a typographical error since the accident happened on December 24, 2012.

claim file, the Defendant did not, and cannot claim surprise that Mr. Porter's statement contradicted that of his wife's. Therefore, no prejudice to the Defendant will result in allowing Mr. Porter's statement to be listed as one of the exhibits within the Final Pretrial Order. It is fair that, to the extent either statement is deemed admissible at trial, the jury have the ability to weigh and consider what, if anything, the contradictory statements mean. It would be unfair to allow the defendant to capitalize on the mistake of counsel in apparently overlooking Mrs. Porter's statement memorialized in the claim notes and, therefore, failing to recognize and list Mr. Porter's contrary statement as a potential exhibit in the case.

Therefore, the Motion will be granted with respect to Dan Porter's December 28, 2012 statement.

**B.       Itemized billing of St. Mary's Hospital.**

Plaintiff attaches to his motion, copies of billings related to an emergency room admission to the St. Mary's Hospital on September 14, 2014, an EKG/ECG on March 5, 2013, an outpatient visit to the hospital on January 21, 2013 where Plaintiff received an MRI and pharmacy products, and a CT Scan – Head Scan which occurred on October 6, 2014. It is completely unknown how these late disclosed documents relate to this case. (Mot., Ex. 1.)

Defendant asserts that these billings reference "undisclosed medical treatment." (Resp. at 2.) The Defendant has had no opportunity to conduct discovery on these billings or on the underlying medical treatment described to verify that they in any way relate to the accident at issue in this case.

The Plaintiff has failed to show that he will suffer manifest injustice if these documents are not allowed to be listed as an exhibit on his trial exhibit list.[2] Further, Plaintiff would be severely prejudiced by inclusion of these documents in that they apparently don't comport with any medical treatment which has been previously disclosed and, less than a month before trial, Defendant has no ability to cure the prejudice without destroying the orderly and efficient trial of the case.

Therefore, the Motion will be denied as to the St. Mary's Hospital billings and the Final Pretrial Order may not be amended to include these billings as part of Plaintiff's final trial exhibit list.

### C. and D.    Proposed Exhibits 65 and 66, RAIVS Requests for Tax Returns of Plaintiff and American Retrieval Work Orders, Comments and Logs.

Plaintiff attaches as Exhibit 2, two Forms 4506 Requests for Copy of Tax Return for Daniel and Margie Porter and two apparently corresponding Forms 13873-P denying the requests because appropriate payment did not accompany the requests. These RAIVS documents are listed as Exhibit 65 on the Amended Exhibit List. Documents referenced by the Plaintiff as American Retrieval Work Orders, Comments and Logs were not attached to the Motion, but appear instead to be attached to a Reply to an unrelated motion, Doc. No. 115-2 or perhaps Doc. No, 115-5. In any event, both proposed exhibits relate to an alleged failure of Defendants during discovery in this case and are completely irrelevant to the issues to be presented to the jury at

---

[2] The court has been unable to locate these documents as an exhibit listed on the Plaintiff's Proposed Second Amended Exhibit List (hereinafter "Amended Exhibit List") submitted by Plaintiff. (Mot., Ex. 4.) Therefore, there is no corresponding exhibit number which can be referenced.

trial.  Ultimately, both Plaintiff and Defendant received the Plaintiff's personal tax records and both parties had the records by January 8, 2015.  (Resp., Ex. E; see also Doc. No. 115-6.)

The Plaintiff has failed to show that he will suffer manifest injustice if these documents, which also appear to be manifestly inadmissible, are not allowed to be listed as an exhibit included in the Final Pretrial Order.

Therefore, the Motion will be denied as to Proposed Exhibits 65 and 66, the RAIVS Requests for Tax Returns and the American Retrieval Work Orders, Comments and Logs and the Final Pretrial Order may not be amended to include these documents.

Therefore, it is **ORDERED**

"Plaintiff's Second Motion to Amend Pre-Trial Order and Exhibit List of Plaintiff" [Doc. No. 119] is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted and Plaintiff's exhibit list to the Final Pretrial Order may be modified to: 1) delete exhibits 19, 32, 48, 49, 57, 58, 59 and 60; and 2) add exhibit 64, the statement of Dan Porter taken on December 28, 2012.  Further the motion is granted with respect to the supplemental report from Plaintiff's expert James Evenson.

The motion is denied in all other respects.

Dated January 7, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge