IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-03446-WYD-KMT

DANIEL L. PORTER,

    Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

## FINAL JUDGMENT

THIS MATTER came before the Court and a jury of ten duly sworn to try the matter on February 8, 2016, the Honorable Wiley Y. Daniel, Senior United States District Judge, presiding. On February 16, 2016, the jury returned its verdict as follows:

### Verdict Form

We, the jury, present our answers to questions submitted by the Court, to which we have all agreed:

**SECTION I. BREACH OF UNDERINSURED MOTORIST CONTRACT**

1.    Did the Plaintiff have injuries, damages or losses? (Yes or No)

    ANSWER:  YES

If your answer was "Yes", go to Question No. 2; if your answer was "No", go to Question No. 3.

2.    State your answers to the following questions relating to the Plaintiff's damages that were caused by the negligence of Geneve Kashnig:

      a.      What is the total amount of Plaintiff's damages for noneconomic losses or injuries? Noneconomic losses or injuries are those losses or injuries described in numbered paragraph 1 of Instruction 18. You should answer "0" if you determine there were none.

      ANSWER: $50,000.00

      b.      What is the total amount of Plaintiff's damages for economic losses? Economic losses are those losses described in numbered paragraph 2 of Instruction 18. You should answer "0" if you determine there were none.

      ANSWER: $250,000.00

      c.      What is the total amount of Plaintiff's damages for physical impairment and disfigurement? You should answer "0" if you determine there were none.

      ANSWER: $0.00

**SECTION II.  DUTY TO COOPERATE**

3.      Regarding Defendant's affirmative defense of non-cooperation, did Defendant prove by a preponderance of the evidence that Plaintiff failed to cooperate with Defendant in some material and substantial respect which materially and substantially disadvantaged the insurer? (Yes or No)

      ANSWER: YES

**SECTION III.  UNREASONABLE DELAY OR DENIAL OF BENEFITS OWED**

4.      Did Defendant delay or deny underinsured motorist benefits owed to Plaintiff without a reasonable basis? (Yes or No)

      ANSWER:  NO

If your answer was "Yes", go to Question No. 5; if your answer was "No", go to Question No. 6.

5. State the amount of underinsured motorist benefits that American Family delayed or denied without a reasonable basis:

ANSWER: _____

### SECTION IV.  BAD FAITH BREACH OF INSURANCE CONTRACT

6. Did Defendant act unreasonably or take an unreasonable position in its handling of Plaintiff's claim for underinsured motorist benefits? (Yes or No)

ANSWER: <u>NO</u>

7. Did Defendant know its conduct or position was unreasonable, or did Defendant recklessly disregard the fact that its conduct or position was unreasonable? (Yes or No)

ANSWER: <u>NO</u>

8. Did Defendant's unreasonable conduct or position if any, cause injuries, damages or losses to plaintiff, separate and apart from any injuries, damages or losses which you found were caused by Geneve Kashnig and which you awarded in Section I?  (Yes or No)

ANSWER: <u>NO</u>

If your answer was "Yes", go to Question No. 9; if your answer was "No", stop and sign the verdict form.

9. State the amount of non-economic damages, as defined in Instruction No. 18, that was caused by Defendant's unreasonable conduct or position, which it knew or recklessly disregarded as unreasonable, not including any damages or losses caused by Geneve Kashnig. You should answer "0" if you determine there were none.

ANSWER: _____

TURN TO THE NEXT PAGE WHERE ALL JURORS SHALL SIGN AND DATE THE VERDICT FORM.


IT IS THEREFORE

ORDERED that judgment is hereby entered in favor of Plaintiff, Daniel L. Porter, and against Defendant, American Family Mutual Insurance Company, in the total amount of $300,000.00 on Plaintiff's Breach of Contract, Bad Faith Breach of Insurance Contract, violation of C.R.S. § 10-3-1115(1)(A) and 1116(1), and Breach of Duty of Good Faith and Fair Dealing claims. It is further

ORDERED that pre-judgment interest shall accrue at the legal rate of 8.0% from the date the action accrued. It is further

ORDERED that post-judgment interest shall accrue on the total amount of $300,000.00 at the legal rate of 0.51% per annum from the date of entry of judgment. It is further

ORDERED that Plaintiff shall have its costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen (14) days of entry of judgment, and pursuant to the procedures set forth in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED at Denver, Colorado this 18th day of February, 2016.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

*/s/ Robert R. Keech*
Robert R. Keech,
Deputy Clerk

APPROVED AS TO FORM:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE